Per Curiam.

We cannot distinguish this case from that of Hussey v. Mien, cited in the argument. The owners of vessels are answerable for expenses upon them, or supplies, because they receive the benefits; when they cease to be owners, there is no longer any reason to charge them. The defendant had made an absolute conveyance of his interest in the vessel, before the supplies were furnished, and therefore was not a debtor for them.

Judgment according to verdict.

[1]

 See Abbott on Ship. (4th Amer. ed.) 18, 19, and n. (1.) The register or enrolment of a vessel at the custom-house is not conclusive evidence of ownership. Bixby v. Franklin Ins. Co. 8 Pick. 86; Colson v. Bondsey, 6 Greenl. 474; 3 Kent’s Comm. (3d ed.) 150, n. (b), and cases there cited; 3 Id. 136; Bas v. Steele, 3 Wash. C. C. R. 381; Abbott on Shipping (4th Amer. ed.) 63, n. (1); Sharp v. United Ins. Co. 14 Johns. R. 201, 1 Stark. Ev. (5th Amer. ed.) 210; Pearce v. Norton, 1 Fairfield, 252; Hacker v. Young, 6 N. Hamp. R. 95; Cox v. Reid, 1 Carr. & Payne, 602; S. C. Ryan & Moody, 199; Jennings v. Griffiths, Ryan & Moody, 42; Winsor v. Cutts, 7 Greenl. 261; Perry v. Osborne, 5 Pick. 422; Tucker v. Buffington, 15 Mass. R. (Rand’s ed.) 481, n. (a.) See Dowson v. Leake, Dowl. & Ryl. N. P. C. 52.